David Martinez, Bar No. 193183
DMartinez@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:   (310) 552-0130
Facsimile:    (310) 229-5800

Attorneys for Defendant
FOREVER 21, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>FOREVER 21, INC., a California Corporation; INDUSTRY CONCEPTS, LLC, a California Limited Liability Company; CULTURE PLUG, a Business Entity of Form Unknown; and DOES 1-10,<br><br>            Defendants. | Case No. CV 12-0166 JFW (JEMx)<br><br>[Assigned to the Honorable John F. Walter]<br><br>**STIPULATED PROTECTIVE ORDER** |

        IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff L.A. Printex Industries, Inc. and Defendants Forever 21, Inc. ("Forever 21") through their respective counsel, that the following shall govern the handling of documents, deposition transcripts, and other material filed, produced, or otherwise disclosed in the above captioned matter.

**I.    PURPOSES AND LIMITATIONS**

        Disclose and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

litigation would be warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**II.      DEFINITION OF "CONFIDENTIAL INFORMATION"**

1.      "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

a.      is regarded by the designating party as being confidential, private, or proprietary in nature such that it qualifies for protection under FRCP Rule 26(c)(1)(G); and/or

b.      is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

c.      is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

d.      as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, customer lists, confidential financial information of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

the parties, including profit margins, sales data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts, and proprietary fabric/style specifications.

2. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

## III. PRODUCTION OF CONFIDENTIAL INFORMATION

1. All efforts by any party or witness in this matter to designate any information as "Confidential," shall be governed by the terms of this Order.  The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party."  By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this Order, infra, prior to disclosure, by

1  use of a reasonably conspicuous and prominent mark. In the case of
2  documents, the mark shall be on every page.

**IV.**   **LEVELS OF CONFIDENTIALITY**

Any information designated as "Confidential" or "Attorneys' Eyes Only" shall
be restricted in accordance with the following levels of confidentiality:

1.  "Attorneys' Eyes Only" — Information designated as "Attorneys' Eyes
    Only" shall be restricted to viewing, or copying by, and disclosure to:

    a.  Attorneys acting on behalf of the parties in this matter;

    b.  The office personnel employed by the counsel working under
        the direct supervision of said counsel;

    c.  The United States District Court for the Central District of
        California and all clerks and other personnel in the United
        States District Court for the Central District of California, before
        which this action is pending; and

    d.  Experts and consultants necessarily retained by counsel of
        record in this litigation, but only if these experts and
        consultants comply with this agreement in full and read, sign,
        and agree to be bound by all of its terms.

    e.  The following information may be shared with Plaintiff's
        principal Jae Nah only and for purposes of settlement
        negotiations only:

        (1)  Forever 21, Inc.'s purchase order and correspondence
             with its vendors;

        (2)  The following figures: total units sold, dollar value of
             total sales, and gross profits (though not the underlying
             financial documents).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

2.  "Confidential" — Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

   a.  All "Attorneys' Eyes Only" persons; and

   b.  All employees, officers, and directors of each party of record. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

## V.  DEPOSITIONS

1.  Any party may designate testimony on oral deposition as "Confidential" or "Attorneys' Eyes Only".  The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.  Once testimony has been designated as "Confidential" or "Attorneys' Eyes Only", only the following persons shall be present for the answer:

   i.  Persons authorized under this Order;

   ii.  The deponent; and

   iii.  The reporter and videographer.

3.  Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts—by the various levels of confidentiality—and s hall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

4.   A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5.   Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6.   Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Attorneys' Eyes Only" and the deponent.

**VI.**   **ITEMS FILED WITH THE COURT**

1.   When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential" or "Attorneys' Eyes Only", they shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, after the parties comply with the procedures set forth in Local Rule 79-5 for the filing of records under seal, or as otherwise ordered by the Court.  In so doing, they will be filed in a sealed envelope.  The envelope will contain an indication of the general nature of the contents of the envelope, and shall have endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE 'CONFIDENTIAL" (OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY") AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO
THIS COURT AND ITS STAFF.

2.    To the extent practicable, designated items or the substance of
designated items shall be filed separately or in severable portions of
filed papers, so that non-designated items may be freely
disseminated.

**VII.    INADVERTENT DISCLOSURE**

1.    The inadvertent or unintentional disclosure of "Confidential" or
"Attorneys' Eyes Only" or any other privileged or protected item,
regardless of whether the item was so designated at the time of
disclosure, shall not be deemed a waiver in whole or in part of a
party's claim of protection or privilege either as to the specific
information disclosed therein or on the same or related subject
matter, provided that the party later asserting a claim of protection or
privilege informs the opposing parties of its claim within a reasonable
time after learning of the disclosure.

2.    The Receiving Party shall promptly destroy, sequester, or return to
the Disclosing Party any protected or privileged item discovered by
the Disclosing Party to have been inadvertently or unintentionally
disclosed to the Receiving Party upon being notified of the Disclosing
Party's claim of protection or privilege.  If the Receiving Party
disclosed the protected or privileged item before being notified of the
Disclosing Party's claim of protection or privilege, it must take
reasonable steps to retrieve the item for destruction, sequestering, or
return to the Disclosing Party.

**VIII.    ACKNOWLEDGMENT OF ORDER**

Each person required by this Order to sign a statement agreeing to be
bound by the Order must sign a statement to be delivered to and maintained by

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   the Disclosing Party in the form attached hereto as Exhibit A.

2   **IX.**    <u>**AGREEMENT OF PARTIES TO ORDER**</u>

3         All parties to this action, their counsel, and all other persons subject to this

4   Order shall be bound by this Order and shall abide by all of the terms of this Order

5   until otherwise ordered by the United States District Court for the Central District

6   of California, or by written notice releasing them from the respective obligations

7   received from the pertinent Disclosing Party.

8         In the event that information designated as Confidential Information is

9   contemplated to be used at trial, the Receiving Party seeking to use such

10   information shall give notice to the Court and the Designating Party of its intention

11   to use the Confidential Information at trial sufficiently in advance of its

12   contemplated use so that the Court can have the matter heard.  The Designating

13   Party continues to bear the burden of showing to the Court that there is good

14   cause to keep the materials sought to be used at trial as subject to and treated

15   under the terms of a Protective Order that the judicial officer conducting the

16   proceedings deems appropriate.

17   **X.**    <u>**CONTINUING EFFECT OF ORDER**</u>

18         At the conclusion of this matter by lapse of all appeal right after entry of

19   final judgment from which no further rights of appeal exist, or by settlement of

20   this matter, all Confidential Information produced in this litigation, including all

21   copies made of such material shall, upon demand by the party that produced it, be

22   returned to counsel for that party that produced it.  If no request for return is

23   received within one year of final disposition, the party in possession may destroy

24   such Confidential Information with written confirmation of such destruction. The

25   Court and Court personnel are exempt from the provisions of this Paragraph 10.

26   **XI.**    <u>**ADDITIONAL RELIEF**</u>

27         No party is prevented from seeking relief not provided by this Order, or

28   otherwise seeking relief from the United States District Court for the Central

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

To the extent that there are any disputes relating to the Protective Order, such as the designation of confidential documents, Local Rule 37 governs the procedure for resolving such disputes. In making or opposing any motion relating to the designation of Confidential Information, the party seeking to maintain a document under the Protective Order shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public. *See e.g., Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

## XII.   <u>USE FOR THIS LITIGATION ONLY</u>

1.   Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.   In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.  Nothing herein shall be construed as relieving any person or entity from complying with its obligations pursuant to a lawfully issued subpoena or other court process.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**XIII.   CHALLENGE TO DESIGNATION**

1.      A party shall have sixty (60) days to commence the meet and confer process with respect to raising a challenge to a Designating Party's confidentiality designation. In the event that a party fails to timely make such a challenge, the party shall thereafter be required to demonstrate good cause justifying its failure to timely raise a challenge as an initial burden of proof with respect to any motion to challenge the confidentiality designation.

2.      A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and in full compliance with Local Rule 37. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

3.      A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  The challenged material shall not be filed as part of the Local Rule 37 Joint Stipulation.  Rather, the challenged material shall be separately lodged with the Court along with a Stipulation and [proposed] Order providing that:  (1) one of the parties has requested that the attached material be re-designated with respect to

confidentiality; (2) pending resolution of the challenge to the
confidentiality designation, the material shall be filed under seal; and
(3) if the Motion is denied, or if the material is only lowered in
confidentiality from "ATTORNEYS' EYES ONLY" to "CONFIDENTIAL", it
will remain filed under seal.  Each such motion must be accompanied
by a competent declaration that affirms that the movant has
complied with the meet and confer requirements imposed by Local
Rule 37 and the preceding paragraph, and that sets forth with
specificity the justification for the confidentiality designation that was
given by the Designating Party in the meet and confer dialogue.  The
burden of persuasion in any such challenge proceeding shall initially
be on the Moving Party to establish a legitimate need for lowering or
removing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation.
If Moving Party establishes such a legitimate need, Designating Party
shall thereafter have the burden of establishing the propriety of the
designation.  Until the Court rules on the challenge, all parties shall
continue to afford the material in question the level of protection to
which it is entitled under the Producing Party's designation.

Should any motion be brought under this Paragraph the prevailing party
may be entitled to recover reasonable attorneys fees pursuant to Federal Rules of
Civil Procedure Rules 26(g)(3) and 37(a)(5).

**XIV.   <u>MODIFICATION</u>**

Any party to this action may, at any time, request the modification of this
Stipulated Protective Order.  Such a request may be granted by the Court only
after due notice and hearing, and upon a showing of good cause.  In the event any
party seeks a modification of this Stipulated Protective Order, the parties shall
follow the procedures set forth in Local Rule 37 to obtain a decision from the
Court.  If the parties want to file the Joint Stipulation required by Local Rule 37

- 11 -

1  under seal, the parties may file a stipulation requesting an order to that effect

2  pursuant to Local Rule 79 or the moving party may file an ex parte application

3  making the appropriate request.  The parties must set forth good cause in the

4  stipulation or ex parte application as to why the Joint Stipulation or portions

5  thereof should be filed under seal.

6

7  Dated:  May 9, 2012              **DONIGER BURROUGHS APC**

8

9                                  By:____/s/ Scott Burroughs_____
                                        Scott Burroughs
10                                 Attorneys for Plaintiff L.A. PRINTEX INDUSTRIES,
                                   INC.
11

12 Dated:  May 9, 2012             **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

13                                 By:____/s/ David Martinez_____
                                        David Martinez
14                                 Attorneys for Defendant FOREVER 21, INC.

15

16

17           **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

18

19 Dated: May 10, 2012             _____/s/_____

20                                 Hon. John E. McDermott
                                   United States District Court Magistrate Judge
21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [print or type date] in

the case of *L.A. Printex Industries, Inc. v. Forever 21, Inc., et al.*, CV 12-0166 JFW

(JEMx).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:

_____

Printed name:_____
                        [printed name]

Signature:_____
                     [signature]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES